## McKinney v. Crawford.

[No. 12,382.   Filed March 17, 1926.   Rehearing denied June 10, 1926.   Transfer denied November 17, 1926.]

CHATTEL MORTGAGES.—*Mortgagee's right to enjoin sale of mortgaged crops by mortgagor.*—The holder of a chattel mortgage given by a tenant on the crops raised on the leased land may enjoin the sale of the crops where the mortgage contains a provision that the mortgagor shall not sell or assign the crops without the consent of the mortgagee, and may foreclose the mortgage on default in the payment of the debt secured by the mortgage notwithstanding the mortgagor was thereby prevented from paying his obligation to the mortgagee.

From Bartholomew Circuit Court; *John W. Donaker,* Judge.

Action by Ralph E. Crawford against Amos D. McKinney. From a judgment for plaintiff, the defendant appeals. *Affirmed.* By the court in banc.

*Branch & Pigg* and *John E. Sedwick,* for appellant.
*Rynerson & Long,* for appellee.

NICHOLS, C. J.—This is an action by appellee against appellant to foreclose a chattel mortgage on certain growing crops, such mortgage being executed to secure notes for the cash rent of the lands upon which the crops grew, the same having been leased by appellee to appellant. There was judgment in favor of appellee for the amount of the notes, foreclosing the chattel mortgage, and making permanent a temporary injunction enjoining appellant from disposing of the crops involved, from which, after appellant's motion for a new trial was overruled, this appeal. The error assigned is the court's action in overruling the motion for a new trial.

Appellant's contention in this court is that appellee prevented him from selling the mortgaged crops that he might thereby pay his obligation to appellee, and that therefore he cannot complain of appellant's default in making such payments, citing to sustain his contention, 1 Beach, Modern Law on Contracts §405, which states the rule that where the promisee disables the promisor from the performance of a contract, he has no right to complain of such default. But such rule has no application to the facts of this case. The chattel mortgage foreclosed expressly provided: "And the mortgagor hereby expressly agrees not to remove the said property from the place where it now is without the consent of the mortgagee, nor to sell, assign or lease the same without such consent."

The evidence disclosed that appellee sold a part of the crops mortgaged before the first note became due, without the consent of the mortgagee. Thereupon, to protect his interest in the mortgaged property, appellee notified the purchasers of his chattel mortgage and the purchasers then refused to make payment to the mortgagor. Appellee was within his legal rights in preventing the sale of the mortgaged property without some arrangement for the application of the proceeds of sale to the payment of his debt. The court did not err in continuing the temporary injunction in force as a permanent injunction.

Affirmed.